IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | No. 3:06-cr-00085-TMB |
| Plaintiff, | |
| vs. | [Civil Case 3:11-cv-00111-TMB] |
| MICHAEL DION ANCHRUM, | ORDER |
| Defendant. | [Re: Motion at Docket 226] |

At Docket 226 Defendant Michael Dion Anchrum moved for clarification and vacation of the Order of March 6, 2014,[1] denying his motion under Rule 60(b) to vacate the Court's Order entered on November 19, 2012,[2] which denied his motion for relief under 28 U.S.C. § 2255. In his motion, Anchrum cites six claims of ineffective assistance of counsel that he contends the Court did not address. Anchrum argues that in failing to address these claims the integrity of this Court was compromised. For the reasons that follow, the Court disagrees.

The Court has again reviewed the record in this case. That record reflects that Anchrum filed his amended petition,[3] the government opposed the petition,[4] and Anchrum replied.[5] The matter was then submitted to Magistrate Judge Roberts for a

---

[1] Docket 225.
[2] Docket 213.
[3] Docket 186.
[4] Docket 193.
[5] Docket 194.

report and recommendation on the pleadings. Judge Roberts recommended the petition be denied.[6] Anchrum then moved for leave to file a supplemental claim of ineffective assistance of counsel,[7] and a request for oral argument.[8] The Court adopted the recommendations of the Magistrate Judge, and denied Anchrum's motions for leave to supplement his petition and for oral argument.[9] The same day that the Court adopted the recommendations of the Magistrate Judge, the Court received Anchrum's objections to the Magistrate Judge's recommendations.[10] The Court granted Anchrum's motion for reconsideration and, after reviewing Anchrum's objections, reaffirmed its decision.[11] As noted in the Order sought to be reconsidered, both this Court and the Ninth Circuit denied a certificate of appealability.

The Court's review indicates that, to the extent that Anchrum raised his ineffective assistance of counsel claims in his Amended Petition, the Court addressed those claims. While the Court agrees that it has a duty to construe *pro se* pleadings liberally,[12] it does not have an obligation to speculate as to other claims that may have been raised, but were not.

---

[6] Docket 196.

[7] Docket 200.

[8] Docket 202.

[9] Docket 206.

[10] Docket 208.

[11] Docket 213.

[12] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).

For the most part, the claims that Anchrum contends this Court did not address were raised in its supplemental claim, which this Court did not grant leave to file. The Court also notes that Anchrum attempted to raise these claims in his objections to the Magistrate Judge's recommendations. While, as noted above, courts are required to treat the pleadings of a *pro se* prisoners liberally, the Courts are not required to excuse them from following the rules of practice,[13/] particularly with respect to the time and method by which claims are presented to the court for resolution. In this case, permitting a litigant to raise new and additional claims after briefing is complete and the matter is submitted for decision was discretionary with the court.[14/] Moreover, because it was of record at the time Anchrum appealed denial of his § 2255 petition, the matter issue is one that could have been raised on appeal. Consequently, it is not properly the subject of a motion under Rule 60(b).[15/] At most, even if it be error, it does not implicate the integrity of the proceedings.

**IT IS THEREFORE ORDERED THAT** the Notice of Clarification & Request to Vacate March 6, 2014, Order Denying Petition to Vacate November 19, 2012, Order at Docket 226 is **DENIED**.

---

[13/] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), overruled on another point, *Lacy v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc); see *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

[14/] Fed. R. Civ. P. 15(a); see *Mayle v. Felix*, 545 U.S. 644, 662–64 (2005).

[15/] See *Title v. United States*, 263 F.2d 28, 31 (9th Cir. 1959) ("Rule 60(b) was not intended to provide relief for error on the part of the court or to afford a substitute for appeal.") (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)).

**IT IS FURTHER ORDERED THAT**, to the extent it may be necessary, the Court declines to issue a Certificate of Appealability.[16] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[17]

Dated: May 12th, 2014

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
United States District Judge

---

[16] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).

[17] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.